DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Wanakie Peoples, appeals her conviction by the Akron Municipal Court. Because this Court lacks jurisdiction, we dismiss.
 {¶ 2} Defendant was charged with failure to control her vehicle in violation of Akron Code of Ordinances 73.13 and with operating a vehicle while under the influence of alcohol or a drug of abuse in violation of Akron Code of Ordinances 73.01(A)(1)(a). She was tried to a jury on January 17, 2008. On February 27, 2008, the trial court journalized an order that purported to sentence Defendant. The order, which is a form journal entry used by the Akron Municipal Court, contains sections labeled "CT.#1" and "CT.#2." The finding of guilt appears above both of these sections; does not indicate to which charge or charges it pertains; and does not bear a time stamp, although the handwritten date of January 18, 2008, appears. The section labeled "CT.#1" states that the trial court fined Defendant $250, sentenced her to 180 days in jail, ordered her to complete community service, and suspended her driver's license. This *Page 2 
section also bears the signature of the trial court judge. The section labeled "CT.#2" contains only a circle drawn around the word "NO," which appears to indicate that fines were not assessed, and the signature of the trial court judge.
 {¶ 3} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." State v. Baker,119 Ohio St.3d 197, 2008-Ohio-3330, syllabus. "[T]he judgment of conviction is a single document that * * * must include the sentence and the means of conviction, whether by plea, verdict, or finding of the court, to be a final appealable order under R.C. 2505.02." Id. at ¶ 19.
 {¶ 4} Although this case is governed by the Ohio Traffic Rules, we note that Crim. R. 32(C) applies pursuant to Traf. R. 20, which states that "If no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply." The journal entry in this case bears the signature of the trial court judge and contains the time stamp indicating that it was filed with the clerk of court. It does not indicate whether the finding of guilt pertains to one or the other of the charges against Defendant or to both of them. The journal entry also fails to comply with Crim. R. 32(C) because it does not set forth a sentence with respect to the second charge. SeeBaker, supra.
 {¶ 5} The order from which Defendant has appealed does not comply with Crim. R. 32(C) and, therefore, this Court lacks jurisdiction. Defendant's appeal is dismissed.
 Appeal dismissed. *Page 3 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.