OPINION *Page 2 
{¶ 1} Defendant-Appellant James N. Campain appeals his convictions on three counts of sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(6), one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1), and eight counts of dereliction of duty, misdemeanors of the second degree, in violation of R.C. 2921.44(E). Appellant was also classified as a Tier III sexual offender. The State of Ohio is Plaintiff-Appellee.
 {¶ 2} Appellant raises three Assignments of Error:
 {¶ 3} "I. THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR AND DENIED THE DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, AND UNDER THE RULES OF EVIDENCE BY RECEIVING INTO EVIDENCE TESTIMONY REGARDING OTHER ALLEGED SEXUAL ACTS OF THE DEFENDANT.
 {¶ 4} "II. DEFENDANT-APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE 1, SECTION 16, OF THE OHIO CONSTITUTION.
 {¶ 5} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY JOINING THE TWO SEPARATE CASES, I.E., 2007CR415H AND 2007CR0131H, TO BE TRIED TOGETHER, DENYING DEFENDANT-APPELLANT'S RIGHT TO DUE *Page 3 
PROCESS UNDER THE UNITED STATES AND OHIO CONSTITTIONS [SIC] AND UNDER THE OHIO RULES OF EVIDENCE."
 {¶ 6} Based on the Ohio Supreme Court's recent decision in State v.Baker, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, we do not reach the merits of Appellant's claims because no final appealable order has been filed in this case.
 {¶ 7} In Baker, the court analyzed Crim. R. 32(C) in order to determine what a judgment of conviction must include to become a final appealable order. "In order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of `final order' contained in R.C. 2505.02."Baker, supra, at ¶ 6, quoting State v. Muncie (2001), 91 Ohio St.3d 440,444, 746 N.E.2d 1092, citing State ex rel. Leis v. Kraft (1984),10 Ohio St.3d 34, 36, 10 OBR 237, 460 N.E.2d 1372.
 {¶ 8} R.C. 2505.02(B) provides:
 {¶ 9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 11} As the Baker court determined, "a judgment of conviction qualifies as an order that `affects a substantial right' and `determines the action and prevents a judgment' in favor of the defendant."
 {¶ 12} When entering a final judgment, pursuant to Crim. R. 32(C), the judgment entry filed by the trial court must contain certain elements. Crim. R. 32(C), states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. *Page 4 
If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 13} The Baker court found the phrase "the plea, the verdict or findings, and the sentence" contained within Crim. R. 32(C) to be confusing. The Court determined that a logical interpretation of the rule requires the trial court to sign and journalize a document "memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker, supra, at ¶ 14. The court stated, "We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." Id. at ¶ 18.
 {¶ 14} The Sentencing Entries in the present case provide, with respect to the "guilty plea, the jury verdict, or the finding of the court upon which the conviction is based," as follows:
 {¶ 15} In case number 2007-CR-0131H: "The court finds: That the defendant has been convicted of Sexual Battery, a violation of R.C. 2907.03(A)(6), a Third degree felony, eight counts of Dereliction of Duty, a violation of R.C. 2921.44(E), a misdemeanor of the Second degree, and Gross Sexual Imposition, a violation of *Page 5 
2907.05(A)(1), a Fourth degree felony." In case number 2007-CR-0415H: "The court finds: That the defendant has been convicted of two counts of Sexual Battery, a violation of R.C. 2907.03(A)(6), both Third degree felonies." There was no mention of the manner of conviction in the Sentencing Entries (either by jury trial, bench trial, or guilty or no contest plea).
 {¶ 16} As a result, we must conclude, pursuant to Baker, that the Sentencing Entries do not constitute final appealable orders because they did not contain a guilty plea, a jury verdict, or the finding of the court upon which Appellant's convictions were based.
 {¶ 17} Accordingly, Appellant's appeal is dismissed for lack of a final appealable order.
Delaney, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal from the judgment of the Richland County Court of Common Pleas is dismissed. Costs assessed to Appellant. *Page 1