OPINION *Page 2 
{¶ 1} Defendant-Appellant appeals from the September 5, 2007, Judgment Entry of the Richland County Court of Common Pleas, wherein he was convicted of two counts of failure to comply with the order or signal of a police officer, violations of R.C. 2921.331(B)(5)(a)(i) and R.C. 2921.331(B)(5)(a)(ii), respectively, both felonies of the third degree; one count of operating a vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; one count of operating a vehicle with a prohibited concentration of alcohol in his system, a violation of R.C.2911.19(A)(1)(b), a felony of the fourth degree; and two counts of aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a) and R.C. 2903.08(A)(1)(b), felonies of the second a third degree, respectively. The State of Ohio is Plaintiff-Appellee.
 {¶ 2} Appellant raises four Assignments of Error:
 {¶ 3} "I. APPELLANT WAS DENIED A FAIR TRIAL BECAUSE THE STATE OF OHIO INTENTIONALLY INTRODUCED PREJUDICIAL EVIDENCE THROUGH THE TESTIMONY OF THE EMERGENCY ROOM NURSE, ELAINE SEWART.
 {¶ 4} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING DEFENDANT'S DRIVING HISTORY AS TO MULTIPLE PRIOR SUSPENSIONS RATHER THAN ACCEPTING HIS STIPULATION TO THE ACTIVE SUSPENSION AT THE TIME OF THE ACCIDENT.
 {¶ 5} "III. THE TRIAL COURT ERRORED [SIC] TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN DENYING HIS MOTION FOR ACQUITTAL MADE AT THE CLOSE OF THE STATES CASE PURSUANT TO RULE 29. *Page 3 
 {¶ 6} "IV. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} Based on the Ohio Supreme Court's recent decision in State v.Baker, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, we do not reach the merits of Appellant's claims because no final appealable order has been filed in this case.
 {¶ 8} In Baker, the court analyzed Crim. R. 32(C) in order to determine what a judgment of conviction must include to become a final appealable order. "In order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of `final order' contained in R.C. 2505.02."Baker, supra, at ¶ 6, quoting State v. Muncie (2001), 91 Ohio St.3d 440,444, 746 N.E.2d 1092, citing State ex rel. Leis v. Kraft (1984),10 Ohio St.3d 34, 36, 10 OBR 237, 460 N.E.2d 1372.
 {¶ 9} R.C. 2505.02(B) provides:
 {¶ 10} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 11} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 12} As the Baker court determined, "a judgment of conviction qualifies as an order that `affects a substantial right' and `determines the action and prevents a judgment' in favor of the defendant."
 {¶ 13} When entering a final judgment, pursuant to Crim. R. 32(C), the judgment entry filed by the trial court must contain certain elements. Crim. R. 32(C), states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. *Page 4 
If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 14} The Baker court found the phrase "the plea, the verdict or findings, and the sentence" contained within Crim. R. 32(C) to be confusing. The Court determined that a logical interpretation of the rule requires the trial court to sign and journalize a document "memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker, supra, at ¶ 14. The court stated, "We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." Id. at ¶ 18.
 {¶ 15} The Sentencing Entry in the present case provides, with respect to the "guilty plea, the jury verdict, or the finding of the court upon which the conviction is based," as follows:
 {¶ 16} "The court finds: That the defendant has been convicted of Failure to Comply with the Order or Signal of a Police Officer (2 counts), a violation of R.C. 2921.331(B)(5)(a)(i) and2921.331(B)(5)(a)(ii), both are third degree felonies; Operating a Vehicle while under the Influence of Alcohol, a violation of R.C. 4511.19(A)(1)(a), a *Page 5 
fourth degree felony; Operating a Vehicle with a Prohibited Concentration of Alcohol in his System, a violation of R.C. 25211.19(A)(1)(b) [sic], a felony of the fourth degree; Aggravated Vehicular Assault (2 counts), a violation of R.C. 2903.08(A)(1)(a) and 2908.08(A)(1)(b), a second and third degree felony, respectively." There was no mention of the manner of conviction in the Sentencing Entry (either by jury trial, bench trial, or guilty or no contest plea).
 {¶ 17} As a result, we must conclude, pursuant to Baker, that the Sentencing Entry does not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Appellant's conviction was based.
 {¶ 18} Accordingly, Appellant's appeal is dismissed for lack of a final appealable order.
Delaney, J. Hoffman, P.J. and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal from the judgment of the Richland County Court of Common Pleas is dismissed. Costs assessed to Appellant. *Page 1