OPINION *Page 2 
{¶ 1} Defendant-Appellant Tremaine T. Manns appeals his conviction on one count of possession of drugs, a felony of the fourth degree, in violation of R.C. 2925.11. The State of Ohio is Plaintiff-Appellee.
 {¶ 2} Appellant raises three Assignments of Error:
 {¶ 3} "I. THE DUE PROCESS RIGHTS OF THE DEFENDANT WERE PREJUDICED BY THE WILLFUL DESTRUCTION OF VIDEO TAPED EVIDENCE BY THE STATE OF OHIO.
 {¶ 4} "II. THE MANIFEST WEIGHT OF THE EVIDENCE WAS NOT SUFFICIENT TO SUPPORT A VERDICT OF GUILTY.
 {¶ 5} "III. DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS ANY AND ALL STATEMENTS REGARDIGN EVENTS THAT WOULD HAVE BEEN SHOWN ON THE VIDEO THAT WAS DESTROYED BY THE STATE."
 {¶ 6} Based on the Ohio Supreme Court's recent decision in State v.Baker, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, we do not reach the merits of Appellant's claims because no final appealable order has been filed in this case.
 {¶ 7} In Baker, the court analyzed Crim. R. 32(C) in order to determine what a judgment of conviction must include to become a final appealable order. "In order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of `final order' contained in R.C. 2505.02."Baker, supra, at ¶ 6, quoting State v. Muncie (2001), 91 Ohio St.3d 440,444, *Page 3 746 N.E.2d 1092, citing State ex rel. Leis v. Kraft (1984),10 Ohio St.3d 34, 36, 10 OBR 237, 460 N.E.2d 1372.
 {¶ 8} R.C. 2505.02(B) provides:
 {¶ 9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 11} As the Baker court determined, "a judgment of conviction qualifies as an order that `affects a substantial right' and `determines the action and prevents a judgment' in favor of the defendant."
 {¶ 12} When entering a final judgment, pursuant to Crim. R. 32(C), the judgment entry filed by the trial court must contain certain elements. Crim. R. 32(C), states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 13} The Baker court found the phrase "the plea, the verdict or findings, and the sentence" contained within Crim. R. 32(C) to be confusing. The Court determined that a logical interpretation of the rule requires the trial court to sign and journalize a document "memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker, supra, at ¶ 14. *Page 4 
The court stated, "We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." Id. at ¶ 18.
 {¶ 14} The Sentencing Entry in the present case provides, with respect to the "guilty plea, the jury verdict, or the finding of the court upon which the conviction is based," as follows:
 {¶ 15} "The court finds: That the defendant has been convicted of Possession of Drugs, a violation of R.C. 2925.11(A), a fourth degree felony." There was no mention of the manner of conviction in the Sentencing Entry (either by jury trial, bench trial, or guilty or no contest plea).
 {¶ 16} As a result, we must conclude, pursuant to Baker, that the Sentencing Entry does not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Appellant's conviction was based. *Page 5 
 {¶ 17} Accordingly, Appellant's appeal is dismissed for lack of a final appealable order.
Delaney, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal from the judgment of the Richland County Court of Common Pleas is dismissed. Costs assessed to Appellant. *Page 1