STATE OF OHIO, APPELLEE, v. BAKER, APPELLANT.

[Cite as *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330.]

(No. 2007–1184—Submitted February 27, 2008—Decided July 9, 2008.)

LANZINGER, J.

{¶ 1} This case was accepted as a certified conflict between the Ninth and Twelfth District Courts of Appeals to resolve what a judgment of conviction must include pursuant to Crim.R. 32(C) to become a final appealable order. See R.C. 2505.02, delineating final appealable orders. Two interrelated issues are included in this appeal, first, whether "the plea, the verdict or findings, and the sentence," Crim.R. 32(C), must be contained in one document; and second, whether the judgment of conviction must include the plea entered at arraignment. We hold that the judgment of conviction is a single document that need not necessarily include the plea entered at arraignment.

## I. Background

{¶ 2} Appellant, Jermaine Baker, was convicted after a jury trial of having weapons under disability and obstructing official business.[1] The judgment of conviction, entered April 9, 2007, stated that "the Defendant was found GUILTY by a Jury Trial * * *." The judgment of conviction did not state that Baker had previously entered a not guilty plea at his arraignment on October 6, 2006,

---

1. The jury also found Baker not guilty of the offenses of receiving stolen property and possession of crack cocaine, and the court directed a verdict for him on the offenses of possession of marijuana, possession of drugs, and disorderly conduct.

although that fact was reflected in the October 12, 2006 journal entry of arraignment.

{¶ 3} Baker filed his notice of appeal on May 7, 2007. The state moved to dismiss the appeal for lack of a final order because the judgment of conviction did not contain appellant's plea, citing *State v. Miller*, 9th Dist. No. 06CA0046–M, 2007-Ohio-1353, 2007 WL 879666, and *State v. Taylor*, 9th Dist. No. 06CA008964, 2007-Ohio-2038, 2007 WL 1238602, ¶ 10. The Ninth District Court of Appeals agreed and dismissed Baker's appeal.

{¶ 4} Pursuant to App.R. 25, appellant filed a motion to certify a conflict between the districts, arguing that the Summit County Court of Appeals' opinion is in conflict with *State v. Postway*, 12th Dist. No. CA2002–06–154, 2003-Ohio-2689, 2003 WL 21213409. In *Postway*, although the judgment entry of conviction stated that the defendant had been found guilty of robbery, it did not state that the defendant had pleaded guilty to that charge. Id. at ¶ 7. Another journalized entry stated that the defendant had pleaded guilty and that the court had accepted the plea. Id. The 12th District held that the two entries were "sufficient to meet the requirements of Crim.R.32(C)." Id. In so holding, the court cited the Ninth District's earlier case of *Wadsworth v. Morrison* (Apr. 1, 1992), 9th Dist. No. 2047, 1992 WL 67601, that had been overruled in *Miller*, 2007-Ohio-1353, 2007 WL 879666, at ¶ 10. Postway's conviction had been based upon a guilty plea. *Postway*, 2003-Ohio-2689, 2003 WL 21213409, at ¶ 2. Baker's conviction resulted from a jury verdict.

{¶ 5} The Ninth District Court of Appeals certified a conflict to this court as follows: "Must the judgment of conviction contain the defendant's plea, verdict or findings, and the sentence in one document to constitute a final, appealable order under R.C. 2505.02?" We accepted the certified question. *State v. Baker*, 114 Ohio St.3d 1505, 2007-Ohio-4285, 872 N.E.2d 948.

## II. Analysis

{¶ 6} A court of appeals has no jurisdiction over orders that are not final and appealable. Section 3(B)(2), Article IV, Ohio Constitution ("Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * "). See also R.C. 2953.02. We have previously determined that "in order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Muncie* (2001), 91 Ohio St.3d 440, 444, 746 N.E.2d 1092, citing *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 36, 10 OBR 237, 460 N.E.2d 1372. R.C. 2505.02(B) provides:

{¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 9} Undoubtedly, a judgment of conviction qualifies as an order that "affects a substantial right" and "determines the action and prevents a judgment" in favor of the defendant.

{¶ 10} In entering a final appealable order in a criminal case, the trial court must comply with Crim.R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Journalization of the judgment of conviction pursuant to Crim.R. 32(C) starts the 30–day appellate clock ticking. App.R. 4(A); see also *State v. Tripodo* (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719.

{¶ 11} We first observe that we are discussing a "judgment of *conviction*." In *State v. Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14, we explored the meaning of the word "conviction": "A 'conviction' is an 'act or process of judicially finding someone guilty of a crime; the state of having been proved guilty.' Black's Law Dictionary (7th Ed.1999) 335. Thus, the ordinary meaning of 'conviction,' which refers exclusively to a finding of 'guilt,' is not only inconsistent with the notion that a defendant is not guilty (by reason of insanity or otherwise), it is antithetical to that notion. Indeed, the notion that a person is *convicted* by virtue of being found *not guilty* is an oxymoron (a 'not guilty conviction')."

{¶ 12} There are four ways that a defendant can be convicted of a criminal offense. A defendant may plead guilty either at the arraignment or after withdrawing an initial plea of not guilty or not guilty by reason of insanity. A defendant may enter a plea of no contest and be convicted upon a finding of guilt by the court. A defendant may be found guilty based upon a jury verdict. A defendant also may be found guilty by the court after a bench trial. Any one of these events leads to a sentence. A court cannot sentence a defendant who is found not guilty. See, e.g., *Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 15 (a defendant found not guilty by reason of insanity is not sentenced but rather committed to a hospital). Furthermore, if a defendant maintains a not guilty plea throughout the litigation, the only way that this plea is overridden is through proof beyond a reasonable doubt leading to a guilty verdict during a jury trial or a finding of guilt by the court after a bench trial.

{¶ 13} The phrase within Crim.R. 32(C) that has caused confusion is that a judgment of conviction must include "the plea, the verdict or findings, and the sentence." The Ninth District has stated that there are five elements that constitute a judgment of conviction: (1) the plea; (2) the verdict or findings; (3) the sentence; (4) the signature of the judge; and (5) the time stamp of the clerk to indicate journalization. *Miller*, 2007-Ohio-1353, 2007 WL 879666, at ¶ 5. In order to satisfy the first element, the appellate court held, "The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Id. at ¶ 10. Although this approach may be supported grammatically because in the phrase "the plea, the verdict or findings" the missing comma after the word "verdict" confuses whether "the plea, the verdict or findings" is intended to be a series, Baker's appeal should not be lost for the want of a comma.

{¶ 14} A more logical interpretation of Crim.R. 32(C)'s phrase "the plea, the verdict or findings, and the sentence" is that a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial.

{¶ 15} The Ninth District has failed to recognize that not all four methods of conviction have all five elements. Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird* (1998), 81 Ohio St.3d 582, 584, 692 N.E.2d 1013, a plea of guilty requires no finding or verdict. *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence"). See also *State v. Bowen* (1977), 52 Ohio St.2d 27, 28, 6 O.O.3d 112, 368 N.E.2d 843.

{¶ 16} The difficulty in interpreting "the plea" as *every* plea entered during the case is that pleas of not guilty or not guilty by reason of insanity cannot be the foundation for a conviction, which is the focus of Crim.R. 32(C). Announcing that it will not "search the record" to determine what plea a defendant has entered, the Ninth District has required additional language (of an initial not guilty plea, for example) to be added to a judgment of conviction for the order to be entertained as final and appealable. This requirement leads to a more serious problem, for a defendant may be caught in limbo. Unless a defendant in prison were to seek mandamus or procedendo for a trial court to prepare a new entry, appellate review of the case would be impossible.

{¶ 17} The Twelfth District's solution in *Postway*, allowing multiple documents to constitute a final appealable order, is also an erroneous interpretation of the rule. Only one document can constitute a final appealable order. "[Crim.R. 32(C)] now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk." *Tripodo*, 50 Ohio St.2d at 127, 4 O.O.3d 280, 363 N.E.2d 719.

{¶ 18} We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence.

### III. Conclusion

{¶ 19} By erroneously dismissing appeals of this nature, the Ninth District has unnecessarily complicated cases of those seeking appellate review of their convictions and sentences. Crim. R. 32(C) does not require what the court of appeals mandates for a final appealable order. We answer the certified question by holding that the judgment of conviction is a single document that need not necessarily include the plea entered at arraignment, but that it must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02. We therefore reverse the judgment of the Court of Appeals for Summit County and remand the appeal of Jermaine Baker to the court of appeals for further proceedings.

Judgment reversed
and cause remanded.

PFEIFER, LUNDBERG STRATTON, and CUPP, JJ., concur.

O'DONNELL, J., concurs separately.

MOYER, C.J., and O'CONNOR, J., dissent.

---

**O'DONNELL, J., concurring.**

{¶ 20} I concur with the judgment reached by the majority.

{¶ 21} In my view, this case is not about the placement of a comma. Rather, it is an interpretation of Crim.R. 32(C), which was promulgated to notify a defendant that a final judgment has been entered in a criminal proceeding and that the time for filing an appeal has begun to run. In this instance, Baker entered a plea of not guilty at arraignment; the case proceeded to trial, and upon conclusion, the trial court failed to reflect Baker's not guilty plea in the final

judgment entry of conviction. It makes little sense to require hypertechnical compliance with Crim.R. 32(C) in this circumstance. The occurrence of a trial leads to the ineluctable conclusion that a defendant has entered a plea of not guilty, because we do not conduct trials for those who have entered pleas of guilty. A better reading of Crim.R. 32(C) is to have the trial court delineate the plea when a defendant enters a guilty plea; doing so for a defendant who elects to go to trial has virtually no meaning.

{¶ 22} For this reason, I concur with the majority to reverse the court of appeals and remand this cause for further proceedings.

---

MOYER, C.J., dissenting.

{¶ 23} I must respectfully dissent, because the majority states that though the Ninth District Court of Appeals' conclusion is "supported grammatically" by the language and punctuation used in Crim.R. 32(C), there is "[a] more logical interpretation" of the rule.

{¶ 24} However, we have repeatedly stated that we first look to the plain language of a statute or rule and apply it as "written when its meaning is unambiguous and definite." *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. Further, when we consider language used in a statute or rule, we "read[ ] words and phrases in context and constru[e] them in accordance with rules of grammar and common usage." *State ex rel. Choices for South–Western City Schools v. Anthony,* 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, at ¶ 40, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections* (2000), 90 Ohio St.3d 229, 231, 736 N.E.2d 886; R.C. 1.42.

{¶ 25} Crim.R. 32(C) is not ambiguous, and therefore the majority is wrong to apply its own "more logical interpretation" of the rule.

{¶ 26} The language at issue in this case is the first sentence of Crim.R. 32(C): "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Unlike in the majority's syllabus language, which cites "Crim.R. 32(C), explained," the rule has no comma between "the verdict" and "or findings." Rather, the first sentence of the rule as written requires three elements that must be "set forth" in the "judgment of conviction": (1) the plea, (2) the verdict or findings, and (3) the sentence.

{¶ 27} If this court upon the recommendation of the Supreme Court Rules Advisory Committee (now the Commission on the Rules of Practice and Proce-

dure in Ohio Courts) had intended to require that *either* the plea, the verdict, or the findings be included in the judgment of conviction, we would have placed a comma after the word "verdict." See generally Garner, A Dictionary of Modern Legal Usage (2d Ed.1995) 714 (the inclusion of the final comma in a list of more than two is important to avoid ambiguities).

{¶ 28} The Ninth District Court of Appeals does not try to complicate Crim.R. 32(C) with lengthy analysis "interpreting" the rule. Rather, the court of appeals lists the five elements included in Crim.R. 32(C), as they are plainly stated:

1. the plea,
2. the verdict or findings,
3. the sentence,
4. the signature of the judge, and
5. the time stamp of the clerk to indicate journalization.

*State v. Miller*, 9th Dist. No. 06CA0046–M, 2007-Ohio-1353, 2007 WL 879666, at ¶ 5. The court of appeals then proceeds in *Miller* to review the trial court's judgment entry to locate each of the five elements. Finding one of the elements missing, the court of appeals concludes that the entry fails to comply with Crim.R. 32(C) and dismisses the appeal for lack of a final, appealable order. Id. at ¶ 20. The court of appeals then encourages the trial court to enter a proper judgment entry as soon as possible and instructs the defendant, if he desires to appeal, to file a new notice of appeal. Id. The court of appeals' well-reasoned and clear opinion in *State v. Miller* conveys the proper application of Crim.R. 32(C), and therefore the court of appeals' entry in *State v. Baker* should be affirmed.

{¶ 29} The majority states that the Ninth District "require[s] additional language * * * to be added to a judgment of conviction for the order to be entertained as final and appealable" and that "[t]his requirement leads to a more serious problem, for a defendant may be caught in limbo. Unless a defendant in prison were to seek mandamus or procedendo for a trial court to prepare a new entry, appellate review of the case would be impossible."

{¶ 30} To the contrary, the Ninth District Court of Appeals has not required that additional language be included in the judgment of conviction; the court of appeals' decision has simply required the five elements required by this court's rule. If the majority's concern is that the rule creates a "more serious problem," then we should apply the rule as adopted by this court and request the Supreme Court Commission on the Rules of Practice and Procedure in Ohio Courts to review the issue to determine whether to recommend that the rule be amended.

O'CONNOR, J., concurs in the foregoing opinion.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Donald Gallick, for appellant.