OPINION *Page 2 
{¶ 1} Defendant-appellant, David Phillips, appeals his sentence from the Holmes County Court of Common Pleas on one count of breaking and entering. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 17, 2007, the Holmes County Grand Jury indicted appellant on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), also a felony of the fifth degree. At his arraignment on January 15, 2008, appellant entered a plea of not guilty to the charges.
 {¶ 3} Thereafter, on February 11, 2008, appellant withdrew his former not guilty plea and entered a plea of guilty to one count of breaking and entering. Pursuant to a Judgment Entry filed on March 27, 2008, appellant was sentenced to twelve (12) months in prison and ordered to pay restitution in the amount of $417.00.
 {¶ 4} Appellant now raises the following assignment of error on appeal:
 {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT/APPELLANT TO THE MAXIMUM PRISON SENTENCE ALLOWED BY LAW."
 {¶ 6} However, we cannot reach the merits of appellant's arguments at this time because the judgment appealed from is not a final, appealable order and this Court, therefore, lacks jurisdiction to hear the instant appeal.
 {¶ 7} The Supreme Court has held, "A more logical interpretation of Crim. R. 32(C)'s phrase `the plea, the verdict or findings, and the sentence' is that a trial court is *Page 3 
required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial."State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163
(emphasis added). Further, all four of these requirements must be contained in a single document. Id. at 201. The entry appealed from does not contain the manner of conviction; therefore, the entry is not a final, appealable order.
 {¶ 8} Moreover, upon review of the record, we find the count of theft remains pending. While, at the plea hearing, the trial court indicated that the State was going to dismiss such count, there is no indication that such count was ever dismissed. The trial court did not journalize an entry that disposed of the remaining count of theft. Because the trial court has failed to dispose of all the charges, the order appealed from is not yet a final appealable order. See, R.C. 2505.02. *Page 4 
 {¶ 9} Accordingly, this case is dismissed for lack of a final appealable order.
 Edwards, J. Hoffman, P.J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Holmes County Court of Common Pleas is dismissed for lack of a final appealable order. Costs assessed 50% to appellant and 50% to appellee. *Page 1