OPINION *Page 2 
{¶ 1} On November 9, 2006, the Richland County Grand Jury indicted appellant, Derreck Foster, on two counts of felonious assault in violation of R.C. 2903.11, one alleging serious physical harm and the other alleging the use of a deadly weapon. Said charges arose from an altercation between appellant and Brain Moore over a handwritten note left on appellant's windshield. The alleged "deadly weapon" was appellant's cane which he used because of a bad knee.
 {¶ 2} A jury trial commenced on August 16, 2007. The jury found appellant guilty as charged. By judgment entry filed August 20, 2007, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before his court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY DENYING DERRECK FOSTER'S REQUEST FOR A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF ASSAULT."
 II {¶ 5} "FURTHER, THE TRIAL COURT ERRED BY GRANTING, ON THE DAY OF TRIAL, DERRECK FOSTER'S REQUEST THAT THE VICTIM PROVIDE A HANDWRITING SAMPLE, BUT THEN REFUSED TO CONTINUE THE TRIAL TO ALLOW DERRECK FOSTER TO OBTAIN THE SAMPLE FOR REVIEW BY AN EXPERT." *Page 3 
 III {¶ 6} "MOREOVER, THE TRIAL COURT ERRED AND FURTHER PREJUDICED DERRECK FOSTER WHEN IT DENIED HIS MOTION IN LIMINE AND ALLOWED THE VICTIM TO PROVIDE A HANDWRITING SAMPLE FOR THE JURY."
 IV {¶ 7} "LAST, DERRECK FOSTER'S CONVICTION FOR FELONIOUS ASSAULT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} At the outset, we must examine the August 20, 2007 sentencing entry in light of the Supreme Court of Ohio's decision in State v.Baker, 119 Ohio St.3d 200, 2008-Ohio-3330. The Baker court at syllabus held the following:
 {¶ 9} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim. R. 32(C), explained.)"
 {¶ 10} The Baker court at ¶ 17 further held, "Only one document can constitute a final appealable order."
 {¶ 11} Upon review of the sentencing entry, we find it does not include the "jury verdict." Therefore, it is not a final appealable order and this court lacks jurisdiction to entertain the appeal. See, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2953.02.
 {¶ 12} Because appellant's appeal was filed on September 18, 2007 and was therefore pending when the Baker case was decided on July 9, 2008, we find Baker to be applicable sub judice. *Page 4 
 {¶ 13} Pursuant to Baker, the appeal is dismissed.
 Farmer, J. Hoffman, P.J. and Edwards, J, concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed. *Page 1