OPINION *Page 2 
{¶ 1} Appellant, Brandon J. Griffith, appeals his conviction for one count of attempted murder. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 17, 2008, appellant was convicted for having committed four counts of felonious assault, two counts included firearm specifications, eight counts of kidnapping with firearm specifications, one count of robbery, three counts of aggravated robbery with firearm specifications and one count of attempted murder. On August 21, 2008, appellant appeared for sentencing. On August 23, 2008, the trial court filed its sentencing judgment entry.
 {¶ 3} It is from this entry that appellant now seeks to appeal setting forth the following assignment of error:
 {¶ 4} "THE JURY'S VERDICT IN FINDING THE DEFENDANT-APPELLANT GUILTY OF WOULD BE ATTEMPTED MURDER AGAINST DEREK WHITE COUNT EIGHTEEN (18) WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, THUS THE CONVICTION WAS IN VIOLATION OF ARTICLE I, 10[1] OF THE OHIO CONSTITUTION AND THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 5} As an initial matter, we address whether the judgment appellant appealed from is a final appealable order in light of State v.Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Specifically, the issue we address is finality of the judgment. *Page 3 
 {¶ 6} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at the syllabus. The Baker decision is based upon an interpretation of Crim. R. 32(C). Crim. R. 32(C) requires that a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. The court in Baker stated that a more logical interpretation of this Crim. R. 32(C) language is that a "trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker
at paragraph 14. The Baker court specifically rejected any rationale that would allow two separate judgment entries to constitute a final appealable order, as there can be only one final order. State v.Baker, supra.
 {¶ 7} In this case, the order appealed from is a "Sentencing Entry." The order states: "On August 21, 2007, the defendant and attorney R. Rolf Whitney came before the court for sentencing pursuant to R.C. 2929.19. The court considered their statements, the presentence investigation, any victim impact statement, the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12." The entry continues by listing the offenses for which the appellant has been "convicted." The entry appealed from does not contain the manner of conviction.
 {¶ 8} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III, (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. *Page 4 
If an order is not final and appealable, an appellate court has no jurisdiction to review the matter.
 {¶ 9} Since the order appealed from is a non-final order, this Court has no jurisdiction to entertain the appeal.
 {¶ 10} Accordingly, the matter is hereby dismissed for lack of jurisdiction.
 By: Edwards, J. Farmer, P.J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Richland County Court of Common Pleas Sentencing Entry is dismissed. Costs assessed to appellant.
[1] We assume this is a reference to Section 10 of Article I. *Page 1