OPINION *Page 2 
{¶ 1} Defendant-appellant Milton Clyde Miley appeals his convictions in the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts were adduced at trial:
 {¶ 3} Lee Foster was born on September 29, 1986. Scott Foster was born almost three years later on May 28, 1989. Lee Foster and Scott Foster became acquainted with Appellant as young boys in the mid-1990's when they visited Appellant's store to sell minnows. When Scott was 11 years-old and Lee was 14 years-old, Appellant offered them $25.00 per week to do remodeling work around his home at 3 Miley Drive. The evidence demonstrates Appellant began remodeling the property in May of 2000. A dumpster was delivered to the property on May 22, 2000, and was picked up on December 31, 2001. A construction permit was issued on July 24, 2000.
 {¶ 4} In the winter of 2000-2001, Appellant offered Scott Foster $50.00 to expose his penis. Scott was 11 years-old at the time of the incident, and agreed to do so for $110.00. Appellant then paid Scott to allow Appellant to perform oral sex on him. Scott testified at trial appellant continued to give him money for engaging in sexual activity, and later provided him with marijuana in exchange for sex. This behavior continued until November, 2004. Scott testified he and Appellant engaged in sexual conduct on hundreds of occasions at Appellant's house, and sometimes in the back of the store. Both Scott and Lee Foster testified they watched pornographic movies with Appellant at his house. Further, the boys testified Appellant would often supply them with alcohol, cigarettes and marijuana. *Page 3 
 {¶ 5} Scott Foster testified, before his thirteenth birthday, the sexual conduct consisted of oral sex. After he turned thirteen, however, Appellant attempted anal penetration on six to ten occasions. He identified a bottle of lotion and several sex toys found in Appellant's home as items used during the encounters.
 {¶ 6} Lee Foster also testified at trial concerning his involvement with Appellant. The first incident occurred in spring or early summer of 2002, before Lee's sixteenth birthday when Appellant performed oral sex on Lee. During the summer of 2002, Lee testified Appellant performed oral sex on him on at least five occasions. The conduct continued until November, 2004.
 {¶ 7} Both Scott and Lee testified relative to sexual encounters referred to as a "triangle" where they would lay on a bed with Appellant and perform oral sex on each other. Scott testified this activity started in 2002, or 2003.
 {¶ 8} On November 15, 2004, Lee Foster told his father, Ed Foster, that Scott Foster was being sexually molested by Appellant. However, Lee never said anything to his father at that time about being sexually molested himself. Ed Foster reported his son Lee Foster's allegations against Appellant to Richland County Children Services.
 {¶ 9} During the late afternoon and early evening of November 16, 2004, Detective Sergeant Jeff McBride and Matt Keck, a Children's Services investigator, interviewed Scott Foster and Lee Foster separately, and then together, at their father's home on Washington Street South. Lee and Scott Foster provided descriptions of pornographic videocassettes possessed by Appellant at his home.
 {¶ 10} On November 17, 2004, Sergeant McBride obtained a search warrant for Appellant's house from Judge Payton of the Mansfield Municipal Court. Later that same *Page 4 
afternoon, Sgt. McBride and other Richland County Sheriff's Deputies executed the search warrant at Appellant's home at 3 Miley Drive. The items seized by Sheriff Deputies from Appellant's home included the following:
 {¶ 11} (1) three firearms;
 {¶ 12} (2) twenty-one pornographic VHS videocassettes, all but four of which were found inside a metal cabinet in the Harley-Davidson room of Appellant's home;
 {¶ 13} (3) marijuana weighing a total of 7.413 grams, or approximately one-quarter (1/4) ounce;
 {¶ 14} (4) multiple scales and smoking devices, which Sheriff Deputies believed to be drug paraphernalia;
 {¶ 15} (5) various sex toys, including dildos and vibrators, found inside a bathroom closet;
 {¶ 16} (6) two sheets from Appellant's bed in the master bedroom; and
 {¶ 17} (7) a blue couch cushion from the living room.
 {¶ 18} As a result of the investigation, the Richland County Grand Jury indicted Appellant on 55 counts, including rape, unlawful sexual conduct with a minor, corrupting another with drugs and disseminating matter harmful to juveniles.
 {¶ 19} On May 20, 2005, a jury returned a verdict of guilty as to all fifty-five (55) counts of the indictment. On May 31, 2005, the trial court sentenced Appellant to a total prison term of thirty-five years. The trial court further classified Appellant a sexual predator under R.C. Chapter 2950. Appellant thereafter filed a timely notice of appeal to this Court. *Page 5 
 {¶ 20} On September 8, 2006, this Court reversed Appellant's conviction and remanded the matter for a new trial finding the trial court erred in admitting evidence of Appellant's prior acts. State v.Miley, 2006-Ohio-4670.
 {¶ 21} On February 2, 2007, Appellant filed a motion for change of venue alleging negative pretrial publicity. The trial court overruled the motion on June 20, 2007.
 {¶ 22} On February 8, 2007, the Richland County Grand Jury indicted Appellant on four additional charges alleging recently discovered evidence. On July 30, 2007, Appellant filed a motion to dismiss the 2007 indictment on speedy trial grounds. The trial court overruled the motion, via Judgment Entry of September 21, 2007. The trial court then consolidated the cases and scheduled a trial date for October 8, 2007.
 {¶ 23} On October 9, 2007, Appellant entered a plea of no contest to two of the additional charges, counts 58 and 59, having weapons under disability. The matter proceeded to a jury trial on the remaining counts. Via entry of October 24, 2007, the trial court entered judgment of conviction on two counts of receiving stolen property and two counts of having weapons under disability. Via separate entry on October 25, 2007, the trial court entered judgment of conviction on the remaining counts. Appellant was convicted on a total 57 counts, and sentenced to thirty-eight years in prison.
 {¶ 24} Appellant now appeals, assigning as error:
 {¶ 25} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS COUNTS 58 AND 59 OF THE 2007 INDICTMENT FOR VIOLATION OF HIS SPEEDY TRIAL RIGHTS, WHERE: (1) THOSE ADDITIONAL CHARGES AROSE FROM THE SAME FACTS AND CIRCUMSTANCES AS THE FIFTY-FIVE COUNTS *Page 6 
CHARGED IN THE ORIGINAL 2005 INDICTMENT; (2) THE STATE OF OHIO KNEW OF THE UNDERLYING FACTS IN SUPPORT OF COUNTS 58 AND 59 BEFORE ORIGINAL INDICTMENT WAS FILED; AND (3) APPELLANT WAS NOT BROUGHT TO TRIAL ON THOSE ADDITIONAL CHARGES WITHIN THE SPEEDY TRIAL TIME LIMITATIONS SET FORTH IN R.C. 2945.1 ET SEQ.
 {¶ 26} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERED [SIC] TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION FOR CHANGE OF VENUE FOR HIS RETRIAL, WHERE (1) THE LOCAL MEDIA COVERAGE OF BOTH HIS FIRST TRIAL AND SUCCESSFUL APPEAL OF HIS CONVICTIONS WAS INFLAMMATORY AND EXTREMELY NEGATIVE TOWARDS APPELLANT AND (2) SAID MEDIA COVERAGE INCLUDED DETAILED INFORMATION ABOUT `OTHER ACTS' ERRONEOUSLY INTRODUCED DURING THE FIRST TRIAL WHICH DIRECTLY RESULTED IN THIS COURT OF APPEALS' REVERSAL OF APPELLANT'S CONVICTIONS.
 {¶ 27} "III. APPELLANT'S CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 28} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR NEW TRIAL BASED ON JUROR MISCONDUCT, WITHOUT AN ORAL HEARING ON SAID MOTION, WHERE THE JURY FOREPERSON FAILED TO DISCLOSE THAT HE HAD PREVIOUSLY MET APPELLANT AND WORKED ON THE PREMISES WHERE THE ALLEGED OFFENSES SUPPOSEDLY TOOK PLACE DURING RELEVANT TIME *Page 7 
PERIODS SET FORTH IN THE INDICTMENT AND WAS POTENTIAL WITNESS IN THE CASE."
 {¶ 29} Before addressing the merits of Appellant's arguments, we note when jurisdiction appears unclear, a court of appeals should raise the issue sua sponte. In re Estate of Geanangel, 147 Ohio App.3d 131,2002-Ohio-850. Thus, we shall first consider whether this Court has jurisdiction over this appeal.
 {¶ 30} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 31} Upon review of the record, we find the October 24, 2007 and October 25, 2007 entries attached to Appellant's docketing statements are not final, appealable orders, therefore, this Court lacks jurisdiction to hear the instant consolidated appeal. The Supreme Court has held, "A more logical interpretation of Crim. R. 32(C)'s phrase `the plea, the verdict or findings, and the sentence' is that a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial."State v. Baker (2008), 119 Ohio St.3d 197 (emphasis added). Further, all four of these requirements must be contained in a single document.Id. at 201. The entries at issue in this consolidated appeal do not contain the manner of conviction; therefore, the entries are not final, appealable orders pursuant to Baker. *Page 8 
 {¶ 32} Appeal Dismissed.
 Hoffman, P.J. Farmer, J. and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the appeal is dismissed for want of a final appealable order. Costs taxed to appellant.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the appeal is dismissed for want of a final appealable order. Costs taxed to Appellant. *Page 1