OPINION *Page 2 
{¶ 1} Appellant, James A. Haynes, appeals his five year sentence for one count of felonious assault. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 2, 2007, appellant entered a guilty plea to attempted rape and pleaded guilty to felonious assault and aggravated arson. On September 4, 2007, appellant was sentenced to eight years in prison for the felonious assault, two years in prison for the attempted rape and two years in prison for the aggravated arson.
 {¶ 3} It is from this sentence that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 4} "I. THE COURT COMMITTED PLAIN ERROR BY SENTENCING DEFENDANT/APPELLANT TO SEPARATE SENTENCES FOR ATTEMPTED RAPE AND FELONIOUS ASSAULT.
 {¶ 5} "II. TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT FOR FAILURE TO OBJECT TO THE TRIAL COURT'S SENTENCING ON THE ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 6} As an initial matter, we address whether the judgment appellant appealed from is a final appealable order in light of State v.Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Specifically, the issue we address is finality of the judgment.
 {¶ 7} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the *Page 3 
sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at the syllabus. TheBaker decision is based upon an interpretation of Crim. R. 32(C). Crim. R. 32(C) requires that a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. The court in Baker stated that a more logical interpretation of this Crim. R. 32(C) language is that a "trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker at paragraph 14. The Baker court specifically rejected any rationale that would allow two separate judgment entries to constitute a final appealable order, as there can be only one final order. State v. Baker, supra.
 {¶ 8} In this case, the order appealed from is a "Sentencing Entry." The order states "[t]hat the defendant has been convicted of Felonious Assault, a violation of R.C. 2903.11(A)(1), a second degree felony, Attempted Rape, a violation of R.C. 2923.02(A)(2)/2907(A)(2), a second degree felony, and Aggravated Arson, a violation of R.C. 2909.02(A)(2), a second degree felony." The entry appealed from does not contain the manner of conviction.
 {¶ 9} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III, (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter.
 {¶ 10} Since the order appealed from is a non-final order, this Court has no jurisdiction to entertain the appeal. *Page 4 
 {¶ 11} Accordingly, the matter is hereby dismissed for lack of jurisdiction.
By: Edwards, J. Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Richland County Court of Common Pleas Sentencing Entry is dismissed. Costs assessed to appellant. *Page 1