OPINION *Page 2 
{¶ 1} Defendant-appellant, Tony Shaw, Sr., appeals his five year sentence for one count of felonious assault. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On November 6, 2007, appellant pleaded guilty to one count of felonious assault with a deadly weapon as charged in a bill of information. The court deferred sentencing pending a pre-sentence investigation. On December 21, 2007, appellant was sentenced to serve a five (5) year term of incarceration.
 {¶ 3} It is from this sentence that appellant now seeks to appeal, setting forth the following assignment of error:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO SENTENCE APPELLANT IN A MANNER CONSISTENT WITH SENTENCES PREVIOUSLY RENDERED FOR THE SAME CONDUCT."
 {¶ 5} As an initial matter, we address whether the judgment appellant appealed from is a final appealable order in light of State v.Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Specifically, the issue we address is finality of the judgment.
 {¶ 6} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at the syllabus. The Baker decision is based upon an interpretation of Crim. R. 32(C). Crim. R. 32(C) requires that a judgment of conviction *Page 3 
shall set forth the plea, the verdict or findings, and the sentence. The court in Baker stated that a more logical interpretation of this Crim. R. 32(C) language is that a "trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker at paragraph 14. TheBaker court specifically rejected any rationale that would allow two separate judgment entries to constitute a final appealable order, as there can be only one final order. State v. Baker, supra.
 {¶ 7} In this case, the order appealed from is a "sentencing entry." The order states "[t]hat the defendant has been convicted of felonious assault." The entry appealed from does not contain the manner of conviction.
 {¶ 8} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III, (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter. *Page 4 
 {¶ 9} Since the order appealed from is a non-final order, this Court has no jurisdiction to entertain the appeal.
 {¶ 10} Accordingly, the matter is hereby dismissed for lack of jurisdiction.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Richland County Court of Common Pleas Sentencing Entry is dismissed. Costs assessed to appellant. *Page 1