OPINION
{¶ 1} Appellant, Frank Graewe, appeals his conviction and sentence for one count of violation of a civil protection order. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On October 17, 2007, appellant was found guilty of one count of violation of a civil protection order in violation of Section 2919.27(A)(1) of the Ohio Revised Code. Appellant's sentencing was deferred until December 18, 2007.
 {¶ 3} On December 18, 2007, appellant was sentenced to serve thirty days of incarceration. Appellant was further ordered to serve the thirty day sentence concurrently with the prison sentence that he was currently serving in the Warren Correctional Facility. Appellant was further ordered to pay court costs in the amount of $448.50.
 {¶ 4} It is from this judgment of conviction and sentence that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN OVERRULING THE CRIMINAL RULE 29 MOTION DUE TO THE CIVIL PROTECTION ORDER NOT BEING PROPERLY ADMISSIBLE.
 {¶ 6} "II. THE STATE DID NOT PROVE THAT THE ACCUSSED RECKLESSLY VIOLATED THE CIVIL PROTECTION ORDER."
 {¶ 7} As an initial matter, we address whether the judgment appellant appealed from is a final appealable order in light of State v.Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Specifically, the issue we address is finality of the judgment. *Page 3 
 {¶ 8} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at the syllabus. The Baker decision is based upon an interpretation of Crim. R. 32(C). Crim. R. 32(C) requires that a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. The court in Baker stated that a more logical interpretation of this Crim. R. 32(C) language is that a "trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Baker
at paragraph 14. The Baker court specifically rejected any rationale that would allow two separate judgment entries to constitute a final appealable order, as there can be only one final order. State v.Baker, supra.
 {¶ 9} In this case, the order appealed from is a sentencing entry. The order states: "that the Defendant was found guilty in case 2007CRB23 to a violation of ORC. 2919.27(A)(1) Violating a Protection Order on the 17th day of October, 2007 and hereby sentences him to serve thirty (30) days of incarceration, to be run concurrent with the prison sentence that he is currently serving in the Warren Correctional Facility." The entry does not contain the manner of conviction. *Page 4 
 {¶ 10} Since the order appealed from is a non-final order, this Court has no jurisdiction to entertain the appeal.
 {¶ 11} Accordingly, the matter is hereby dismissed for lack of jurisdiction.
Edwards, J., Gwin, P.J. and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Tuscarawas County Court, Uhrichsville, Ohio Sentencing Entry is dismissed. Costs assessed to appellant. *Page 1