DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Kim A. Knapik was charged with two counts of operating her vehicle while intoxicated and one count of failure to drive in marked lanes. After the Barberton Municipal Court denied her motion to suppress, she pleaded no contest to the charges. The municipal court entered judgment dismissing one of the operating while intoxicated counts but sentencing her on the other. It also sentenced her for failing to drive in marked lanes. Ms. Knapik has attempted to appeal the municipal court's judgment. This Court dismisses the appeal because it is not taken from a final order.
 JURISDICTION {¶ 2} The Ohio Constitution restricts an appellate court's jurisdiction over trial court decisions to the review of final orders. Ohio Const. Art. IV, § 3(B)(2). "In entering a final appealable order in a criminal case, the trial court must comply with Crim. R. 32(C)."State v. *Page 2 Baker, 119 Ohio St. 3d 197, 2008-Ohio-3330, at ¶ 10. Rule 32(C) of the Ohio Rules of Criminal Procedure provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Explaining that rule, the Ohio Supreme Court has held that "[a] judgment of conviction is a final appealable order . . . when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Baker, 2008-Ohio-3330, at syllabus.
 {¶ 3} After the municipal court denied her motion to suppress, Ms. Knapik pleaded no contest to the charges and waived her right to a jury trial. Although the judgment entry she has appealed from sentenced her on the two charges it did not dismiss, it did not set forth "the finding[s] of the court upon which the conviction[s were] based."Id. at syllabus. Accordingly, it is not a final, appealable order.
 CONCLUSION {¶ 4} The municipal court's judgment entry in this case is not a final, appealable order. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 3 
Costs taxed to appellant.
CARR, J. BELFANCE, J. CONCUR. *Page 1