[Cite as *State v. Oweis*, 2011-Ohio-1620.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10 CAA 08 0060 |
| OSAMA OWEIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                 Common Pleas Case No. 06 CR I 11 0513

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:          March 30, 2011

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CAROL O'BRIEN                              BRIAN G. JONES
DELAWARE COUNTY PROSECUTOR                 2211 US Highway 23 North
                                          Delaware, Ohio 43015
MARIANNE T. HEMMETER
Assistant Prosecuting Attorney
140 N. Sandusky St.
Delaware, Ohio 43015

*Delaney, J.*

{¶1}   Defendant-Appellant Osama Oweis appeals the July 15, 2010 *Nunc Pro Tunc* Judgment Entry on Sentence issued by the Delaware County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}   On August 10, 2007, Appellant was convicted by a jury on one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1) and a felony of the first degree; one count of Grand Theft, in violation of R.C. 2913.02(A)(1) and a felony of the fifth degree; and two counts of Kidnapping, in violation of R.C. 2905.01(A)(2) and felonies of the second degree.

{¶3}   The trial court sentenced Appellant on October 1, 2007.  Based on sentencing memoranda submitted by the parties, the trial court did not sentence Appellant on the Aggravated Robbery conviction.  The trial court sentenced Appellant to 17 years in prison on the Kidnapping and Grand Theft convictions.  The trial court informed Appellant at the sentencing hearing and journalized in the sentencing entry that as part of his sentence, postrelease control in this case was discretionary for up to three years.

{¶4}   Under R.C. 2967.28(B)(2), "[f]or a felony of the second degree that is not a felony sex offense," the period of post release control is mandatory for three years.

---

[1] A statement of the underlying facts is not necessary for the disposition of this appeal.

{¶5}   On July 15, 2010, the trial court filed a *Nunc Pro Tunc* Judgment Entry on Sentence pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.   The judgment entry corrected the October 1, 2007 sentencing entry as to the term of Appellant's postrelease control.   The *nunc pro tunc* sentencing entry stated that Appellant was subject to a mandatory term of postrelease control of three years.   The trial court did not conduct a resentencing hearing before issuing the judgment entry.

{¶6}   It is from this decision Appellant now appeals.

{¶7}   Appellant raises one Assignment of Error:

{¶8}   "I. REVISED CODE 2929.191 IS UNCONSTITUTIONAL BECAUSE IT VIOLATES DUE PROCESS LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION."

## I.

{¶9}   Appellant argues that his due process rights were violated when the trial court resentenced Appellant without conducting a resentencing hearing.   We reject Appellant's arguments as to the unconstitutionality of R.C. 2929.191.   However, we find that R.C. 2929.191 provides Appellant the opportunity for a resentencing hearing pursuant to R.C. 2929.191(C).   In this case, the trial court erred in resentencing Appellant through a *nunc pro tunc* judgment entry, rather than conducting a resentencing hearing as provided in R.C. 2929.191(C).

{¶10} R.C. 2929.191 sets forth a procedure for the trial court to correct a judgment of conviction when the trial court, either at the sentencing hearing or in the final judgment, failed to properly notify a defendant about the requisite postrelease

control.   Under that statute, the trial court must conduct a hearing pursuant to R.C. 2929.191(C) *before* it can file a *nunc pro tunc* correction to the judgment of conviction. *State v. Crawley*, Stark App. No. 2010 CA 00057, 2010-Ohio-5098, ¶ 68-69.

{¶11} The State concedes Appellant's sentence cannot be corrected by the *nunc pro tunc* judgment entry alone.   R.C. 2929.191(C) requires the trial court to conduct a resentencing hearing.

{¶12} Accordingly, Appellant's sole assignment of error is sustained as to the issue that a resentencing hearing is required in this case pursuant to R.C. 2929.191(C).

{¶13} The judgment of the trial court is reversed and the matter remanded for resentencing.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. JULIE A. EDWARDS

PAD:kgb

[Cite as *State v. Oweis*, **2011-Ohio-1620.**]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :       JUDGMENT ENTRY
                                       :
-vs-                                   :
                                       :
OSAMA OWEIS                            :
                                       :       Case No. 10 CAA 08 0060
                                       :
            Defendant-Appellant        :


       For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Delaware County Court of Common Pleas is reversed and remanded.

Costs assessed to Appellee.


                                       _____
                                       HON. PATRICIA A. DELANEY


                                       _____
                                       HON. WILLIAM B. HOFFMAN


                                       _____
                                       HON. JULIE A. EDWARDS