[Cite as *State ex rel. Teague v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-2083.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96455**

**STATE OF OHIO, EX REL.,
CURTIS TEAGUE**

RELATOR

vs.

**CUYAHOGA COUNTY COURT OF
COMMON PLEAS, ET AL.**

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus and Procedendo
Motion No. 442830
Order No. 443980

**RELEASED DATE:** April 27, 2011

**FOR RELATOR**

Curtis Teague, Pro Se

Inmate No. 502-427
1150 N. Main Street
Mansfield, Ohio 44901


**FOR RESPONDENTS**

**W**illiam D. Mason
Cuyahoga County Prosecutor

By: James E. Mess
Assistant Prosecuting Attorney
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

**{¶ 1}**   Relator, Curtis Teague, is the defendant in *State v. Teague*, Cuyahoga Cty. Court of Common Pleas Case No. CR-468399, which has been assigned to respondent judge.   Teague contends that the March 17, 2006 sentencing entry in Case No. CR-468399 is not a final appealable order because that entry does not dispose of all of the counts and specifications in the indictment.   He requests that this court issue relief in mandamus and/or procedendo to compel respondents "to issue a journal entry which fully complies with Crim.R. 32(C) and constitutes a final appealable order."    Complaint, ¶13.

{¶ 2} Teague was indicted on five counts: 1. Aggravated murder with one-, three- and five-year specifications; 2. Attempted murder with one-, three- and five-year specifications; 3. Attempted murder with one-, three- and five-year specifications; 4. Murder with one-, three- and five-year specifications; and 5. Having a weapon while under disability. Copies of the five counts in the indictment are attached to the complaint.

{¶ 3} Teague observes that the March 17, 2006 sentencing entry refers only to count four as amended to murder with a three-year firearm specification. He argues that this court should apply *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, as requiring that a sentencing entry include the disposition of each count and specification in an indictment.

{¶ 4} Respondents have filed a motion for summary judgment. Attached to the motion for summary judgment is a copy of the February 15, 2006 journal entry memorializing Teague's plea. That is, the trial court amended count four to delete the one- and five-year firearm specifications and Teague pled guilty to murder with a three-year firearm specification. The other four counts were nolled.

{¶ 5} In *State v. Robinson*, Cuyahoga App. No. 90731, 2008-Ohio-5580, Robinson was indicted on five counts, two of which included schoolyard specifications. The jury found Robinson guilty of all five charges but not guilty of the schoolyard

specifications. This court held that the sentencing entry was "a final appealable order-even though the judgment does not include the *means of exoneration* of the schoolyard specifications." Id. ¶12. (Emphasis added.) The *Robinson* court also stated:

**{¶ 6}** "On the authority of *Baker*, we conclude that a judgment of conviction does not need to dispose of every charge in an indictment, including dismissed or nolled counts, or not guilty findings. But it must include the sentence and the 'means of conviction' — meaning how the defendant was convicted of each charge (one of four ways: a defendant may plead guilty, plead no contest, be found guilty by a jury, or be found guilty in a bench trial). See *Baker* "¶12, 14." Id. ¶18.

**{¶ 7}** Teague's fundamental argument is that the March 17, 2006 sentencing entry is not a final appealable order because it does not contain the *means of exoneration*. In light of *Robinson*, Teague does not have a clear legal right to the relief requested nor do respondents have a clear legal duty to modify the sentencing entry. We also note that Teague not only had an adequate remedy by way of appeal, he pursued that remedy. That is, this court granted Teague leave to file a delayed appeal from the March 17, 2006 sentencing entry and assigned counsel to represent him. The court also granted appellant's oral motion to withdraw the appeal. See *State v. Teague*, Cuyahoga App. No. 88801, Entry No. 399037, July 26, 2007. As a consequence, Teague has not

established a basis for granting relief in mandamus or procedendo.

{¶ 8} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR