[Cite as *State v. McElfresh*, 2012-Ohio-1307.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-0109 |
| RONALD E. MCELFRESH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
Municipal Court, Case No. 11-TRD-06800

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 26, 2012

APPEARANCES:

For Plaintiff-Appellee

TRICIA MOORE
40 West Main Street
Newark, OH 43055

For Defendant-Appellant

DAVID STOKES
21 W. Church St., Ste 206
Newark, OH 43055

*Gwin, P.J.*

{1}     On June 24, 2011, appellant, Ronald L. McElfresh, was stopped, arrested, and charged with a single violation, R.C. 4510.21, failure to reinstate a license.

{2}     On September 7, 2011, appellant was found guilty after a bench trial. The trial court imposed a sentence of 30 days incarceration and a $750.00 fine, plus costs.

{3}     Appellant initially filed a direct appeal of his conviction in case number 11-CA-96. This Court dismissed that appeal on October 3, 2011 for lack of a final appealable order pursuant to the Ohio Supreme Court's decision in *State v. Bake,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (2008). Thereafter, the trial court issued an amended sentencing entry on October 19, 2011. Appellant has timely appealed from that sentencing entry in the above-captioned case, raising as his sole Assignment of Error,

{4}     "I. THE TRIAL COURT COMMITTED HARMFUL ERROR BY FINDING APPELLANT GUILTY OF VIOLATING R.C. 4510.21, AND SENTENCING APPELLANT FOR SUCH VIOLATION."

I.

{5}     In the case at bar, appellant stipulated he was driving at the time of the stop. The essence of appellant's argument is at the time of the stop, June 24, 2011, he was not driving after his suspension expired; rather appellant's operator's license was under various suspensions until 2026. Appellant argued therefore that because his driver license was still under a suspension that was in effect at the time of the citation, he is not driving "after the suspension expired" and therefore could not be found guilty of violation R.C. 4510.21. We disagree.

**{6}** R.C. 4510.21, states in relevant part,

4510.21 Failure to reinstate a license

(A) No person whose driver's license, commercial driver's license, temporary instruction permit, or nonresident's operating privilege has been suspended shall operate any motor vehicle upon a public road or highway or any public or private property after the suspension has expired unless the person has complied with all license reinstatement requirements imposed by the court, the bureau of motor vehicles, or another provision of the Revised Code.

**{7}** Failing to reinstate a license following the expiration of the suspension is a misdemeanor of the first degree under R.C. 4510.21. Maintaining proof of financial responsibility and paying the reinstatement fee are conditions precedent to the restoration of appellant's license, not conditions precedent to the termination of the suspension. See *State v. Uskert,* 85 Ohio St.3d 593, 596, 709 N.E.2d 1200, 1999-Ohio-289 (finding that, in the context of an administrative suspension for driving while intoxicated, "proof of responsibility and payment of the reinstatement fee * * * are * * * conditions precedent to the *return* of the license by the registrar"). The suspension terminates automatically. *State v. Gorham*, 12th Dist. No. CA2006-08-197, 2007-Ohio-6028 at ¶19.

**{8}** In this case, appellant himself argued that his driver's license was under suspension when he was stopped on June 24, 2011. There is no dispute that appellant had failed to reinstate his license after the expiration of at least one of appellant's numerous suspensions. Accordingly, as to the suspensions that have expired and for

which appellant has not paid his reinstatement fee, he could be found guilty of violating R.C. 4510.21. The fact that his license is still under suspension for other reasons does not change that fact. Additionally, either the state or the court could have utilized Crim.R. 7 to amend the charge to driving under any one of the numerous suspensions appearing on appellant's driving record that was admitted into evidence at the September 7, 2011 trial.

{9}     Appellant's sole Assignment of Error is overruled.

{10}    For the foregoing reasons, the judgment of the Licking County Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0312

[Cite as *State v. McElfresh*, 2012-Ohio-1307.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD E. MCELFRESH | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-0109 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER