**[Cite as *State v. Miley*, 2011-Ohio-5647.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011 CA 0005 |
| MILTON C. MILEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas, Case No. 05 CR 85H


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      October 31, 2011


APPEARANCES:

For Appellant:                          For Appellee:

MILTON C. MILEY, PRO SE                  JAMES J. MAYER, JR.
#484-425 Madison C.I.                    RICHLAND COUNTY PROSECUTOR
P.O. Box 740
London, OH 43140                         DANIEL J. BENOIT
                                         38 S. Park St.
                                         Mansfield, OH 44902

*Delaney, J.*

{¶1}    Defendant-Appellant Milton C. Miley appeals the December 28, 2010 Nunc Pro Tunc Sentencing Entry of the Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}    In 2004, Appellant was indicted by the Richland County Grand Jury on 55 counts in Case No. 2005 CR 0085, for rape, unlawful sexual conduct with a minor, corrupting another with drugs and disseminating matter harmful to juveniles.

{¶3}    On May 20, 2005, a jury returned a verdict of guilty as to all counts of the indictment.  On May 31, 2005, the trial court sentenced Appellant to a total prison term of thirty-five years. The trial court further classified Appellant a sexual predator under R.C. Chapter 2950.  An appeal ensued.

{¶4}    On September 8, 2006, this Court reversed Appellant's conviction and remanded the matter for a new trial finding the trial court erred in admitting evidence of Appellant's prior acts.   *State v. Miley*, 5th Dist. Nos. 2005-CA-67 and 2006-CA-14, 2006-Ohio-4670.

{¶5}    On February 8, 2007, the Richland County Grand Jury indicted Appellant on four additional charges alleging recently discovered evidence in Case No. 2007 CR 0163. On July 30, 2007, Appellant filed a motion to dismiss the 2007 indictment on speedy trial grounds. The trial court overruled the motion, via Judgment Entry of

---

[1] A Statement of Facts is unnecessary to the disposition of this appeal.

September 21, 2007. The trial court then consolidated the cases and scheduled a trial date for October 8, 2007.

{¶6}    On October 9, 2007, Appellant entered a plea of no contest to two of the additional charges, counts 58 and 59, of having weapons under disability. Following a trial by jury, Appellant was convicted on a total 57 counts, and sentenced to thirty-eight years in prison, via two separate entries in Case Nos. 2005 CR 0085 and 2007 CR 0163.  Appellant again appealed.

{¶7}    In *State v. Miley*, 5th Dist. Nos. 07-CA-113 and 07-CA-114, 2009-Ohio-570, we dismissed Appellant's appeal for lack of a final, appealable order pursuant to the Ohio Supreme Court's decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The entries at issue in the consolidated appeal did not contain the manner of conviction; therefore, the entries were not final, appealable orders pursuant to *Baker*.

{¶8}    On February 13, 2009, the trial court issued amended sentencing entries. Appellant filed an appeal of the February 13, 2009 amended sentencing entries.  In *State v. Miley*, 5th Dist. Nos. 09CA39 and 09CA40, 2009-Ohio-4011, this Court first found the trial court erred in not dismissing counts 58 and 59 charging having weapons under disability because Appellant's speedy trial rights were violated.  We affirmed the remainder of the trial court's decisions in relation to Appellant's proceedings and Appellant's conviction and sentence. On December 2, 2009, the Ohio Supreme declined to accept the case on further appeal.

{¶9}    On March 17, 2010, Appellant filed a complaint requesting the issuance of a writ of mandamus and/or procendendo compelling the trial court to issue a final,

appealable order, which complied with *State v. Baker*, supra. *State ex rel. Miley v. Henson*, Richland App. No. 2010-CA-0032, 2010-Ohio-4093. In that case, we reviewed the entries issued by the trial court on February 13, 2009. We found that although this Court allowed an appeal based upon these entries to proceed to a conclusion in *State v. Miley*, 5th Dist. Nos. 09CA39 and 09CA40, 2009-Ohio-4011, the opinion on the merits was improvidently issued because the order was not a final, appealable order because the order did not contain a finding of guilt. We ordered the trial court to issue an entry which complied with the dictates of *Baker*.[2]

{¶10} On December 28, 2010, the trial court filed a Nunc Pro Tunc sentencing entry in Case No. 2005 CR 85H. It included amended language that "the defendant had been found guilty" by a jury and it clarified the terms of postrelease control. It is from this sentencing entry that Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Appellant raises six Assignments of Error:

{¶12} "I. THIS COURT IS WITHOUT JURISDICTION TO CONSIDER THIS APPEAL AS IT IS PREDICATED ON A FINAL JUDGMENT FROM A TRIAL THAT WAS VOID AS IT WAS PREDICATED ON AN ORDER OF THIS COURT THAT WAS ISSUED WITHOUT A [SIC] JURISDICTION AS THE JOURNAL ENTRY DATED JUNE 6, 2005, WAS NOT A FINAL APPEALABLE ORDER AND AS SUCH, NEVER ESTABLISHED APPELLATE JURISDICTION TO ORDER THE SECOND TRIAL.

---

[2] The State suggests this order was limited to the sentencing entry reflecting appellant's plea of no contest to the weapons charges in Case No. 2007 CR 163, nevertheless this Court issued the writ in regards to Case No. 2005 CR 85.

{¶13} "II. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO DISMISS FOR VIOLATING HIS CONSTITUTIONAL RIGHT TO SPEEDY TRIAL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶14} "III. THE TRIAL COURT ERRED IN NOT DISMISSING THE APPELLANT'S INDICTMENT(S) THAT ARE CONSTITUTIONALLY INSUFFICIENT TO CHARGE ANY CRIMINAL OFFENSE WHATSOEVER UNDER OHIO LAW, VIOLATING APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶15} "IV. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT WHEN NO SUCH STATUTORY AUTHORITY EXISTS FOR THE IMPOSITION SUCH, VIOLATING THE APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, & ARTICLE IV, §10 OF THE OHIO CONSTITUTION.

{¶16} "V. A CRIMINAL DEFENDANT IS DENIED DUE PROCESS WHERE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT HIS CONVICTIONS, IN PARTICULAR, THE 'STATUTORY' RAPE CONVICTIONS UNDER R.C. 2901.02(A)(1)(B)(2) WHERE THE ALLEGED VICTIM WAS OVER THE AGE OF THIRTEEN YEARS, AND THOSE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} "VI. THE JURY VERDICT FORM WAS NOT SUFFICIENT TO SUPPORT THE FELONY CONVICTION FOR WHICH THE APPELLANT WAS SENTENCED

PURSUANT TO R.C. 2945.75, THE VERDICT FORMS NEITHER SPECIFIED THE DEGREE OF THE OFFENSE OR THE AGGRAVATING ELEMENT THAT HAD BEEN FOUND TO JUSTIFY CONVICTING THE APPELLANT OF A GREATER DEGREE OF A CRIMINAL OFFENSE, VIOLATING THE APPELLANT'S RIGHT TO DUE PROCESS."

I., II., III., IV., V., VI.

{¶18} We will collectively address appellant's claimed errors as they set forth issues that were raised or could have been raised in prior proceedings before this Court.

{¶19} In his first assignment of error, Appellant argues this Court did not have jurisdiction to render a decision on his original conviction in 2005 because there was no final, appealable order. In the second assignment of error, he argues that the trial court should have dismissed the indictments after we reversed his original conviction because his speedy trial rights were violated.

{¶20} In the third assignment of error, he argues that his original indictment was defective. In the fourth assignment of error, he argues that the trial court erred in sentencing him to consecutive sentences.

{¶21} In his fifth assignment of error, Appellant argues that the evidence was insufficient to support his convictions and that his convictions were against the manifest weight of the evidence.

{¶22} In Appellant's sixth assignment of error, he argues that his convictions are invalid because under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007–Ohio–256, 860 N.E.2d 735, the verdict form must either include the degree of the offense or a

statement that an aggravating element has been found to justify convicting him of a greater degree of a criminal offense. Appellant asserts that the verdict form did not specify the level of the offense, the section of the revised code that was violated, and/or an additional element that would raise the level of offense.

{¶23} Because the judgment entry from which Appellant now appeals was issued in light of the Ohio Supreme Court decision in *Baker*, supra, this Court must review and apply a recent decision by the Ohio Supreme Court which explained and modified the holding in *Baker*. In *State v. Lester*, Slip Opinion No. 2011-Ohio-5204, the Ohio Supreme Court was asked to determine this question: Is a nunc pro tunc judgment entry that is issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a prior final judgment entry a new final order from which a new appeal may be taken? On October 13, 2011, the Ohio Supreme Court concluded that no new right of appeal is created by such an entry.

{¶24} In *Lester,* the trial court issued a nunc pro tunc entry to include the manner of conviction (i.e. convicted by a verdict at jury trial) and Lester appealed from the nunc pro tunc entry to the Third District Court of Appeals. Before the matter was set for briefing, the appellate court sua sponte dismissed the appeal for lack of jurisdiction. The court concluded that the nunc pro tunc entry had been issued "for the sole purpose of retrospectively correcting a clerical omission in the prior sentencing judgment to comply with Crim.R. 32. No new or substantial right was affected under R.C. 2505.02(A)(1) [the final-order statute] by correction of the sentencing judgment to reflect what actually occurred and what clearly was evident throughout the record, and especially, to appellant. Appellant exhausted the appellate process when the

resentencing judgment was reviewed and affirmed on appeal, and the Ohio Supreme Court declined to accept it on further appeal." *State v. Lester,* (May 12, 2010) 3rd Dist. No. 2-10-20.

{¶25}  The Ohio Supreme Court affirmed the judgment of the court of appeals, holding at the syllabus:

{¶26}  "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)

{¶27}  "(2) A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken."

{¶28} Applying *Lester*, we find appellant's convictions were upheld on direct appeal by this Court in *State v. Miley*, 5th Dist. Nos. 09CA39 and 09CA40, 2009-Ohio-4011 and the Ohio Supreme Court declined jurisdiction.  The convictions were based upon the entries issued by the trial court on February 13, 2009.  Upon review, we find the entry in the underlying case fully complied with the requirements of Crim.R. 32(C), and as set forth in the *Lester* syllabus.  Appellant's 2009 judgment of conviction was final, and any new challenges to it are barred by the doctrine of res judicata.  The nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects and is not a new final order from which a new appeal may be taken to again challenge the underlying conviction.

{¶29} Although Appellant does not challenge on appeal the modified terms of postrelease control, we note that the doctrine of res judicata still applies to all other aspects of the conviction, including the determination of guilt. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶30} Appellant's Assignments of Error are overruled.

{¶31} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Miley*, **2011-Ohio-5647**.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MILTON C. MILEY | : | |
| | : | |
| | : | Case No. 2011 CA 0005 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN