[Cite as *State v. Miley*, 2013-Ohio-5673.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13CA47 |
| MILTON C. MILEY | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case No. 05-CR-85 H |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 4, 2013 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

JAMES J. MAYER, JR.
Prosecuting Attorney
Richland County, Ohio

By: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

MILTON C. MILEY, PRO SE
Inmate Number 484-425
c/o Allen Correctional Institution
P.O. Box 4501
Lima, Ohio 45802

*Hoffman, P.J.*

{¶1}   Defendant-appellant Milton C. Miley appeals the judgment entered by the Richland County Court of Common Pleas denying his motion to vacate sentence. Plaintiff-appellee is the state of Ohio.

STATEMENT OF PROCEDURAL HISTORY[1]

{¶2}   In 2004, Appellant was indicted by the Richland County Grand Jury on 55 counts in Case No. 2005 CR 0085, including rape, unlawful sexual conduct with a minor, corrupting another with drugs and disseminating matter harmful to juveniles.

{¶3}   On May 20, 2005, a jury returned a verdict of guilty as to all counts of the indictment. On May 31, 2005, the trial court sentenced Appellant to a total prison term of thirty-five years. The trial court further classified Appellant a sexual predator under R.C. Chapter 2950. An appeal ensued.

{¶4}   On September 8, 2006, this Court reversed Appellant's convictions and remanded the matter for a new trial finding the trial court erred in admitting evidence of Appellant's prior acts. *State v. Miley,* 5th Dist. Nos.2005–CA–67 and 2006–CA–14, 2006–Ohio–4670.

{¶5}   On February 8, 2007, the Richland County Grand Jury indicted Appellant on four additional charges alleging recently discovered evidence in Case No. 2007 CR 0163. On July 30, 2007, Appellant filed a motion to dismiss the 2007 indictment on speedy trial grounds. The trial court overruled the motion, via Judgment Entry of September 21, 2007. The trial court then consolidated the cases and scheduled a trial date for October 8, 2007.

---

[1] A rendition of the underlying facts is unnecessary for our disposition of this appeal.

{¶6}   On October 9, 2007, Appellant entered a plea of no contest to two of the additional charges, counts 58 and 59, of having weapons under disability. Following a trial by jury, Appellant was convicted on a total 57 counts, and sentenced to thirty-eight years in prison, via two separate entries in Case Nos. 2005 CR 0085 and 2007 CR 0163. Appellant again appealed.

{¶7}   In *State v. Miley,* 5th Dist. Nos. 07–CA–113 and 07–CA–114, 2009–Ohio–570, this Court dismissed Appellant's appeal for lack of a final, appealable order pursuant to the Ohio Supreme Court's decision in *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163. The entries at issue in the consolidated appeal did not contain the manner of conviction; therefore, the entries were not final, appealable orders pursuant to *Baker.*

{¶8}   On February 13, 2009, the trial court issued amended sentencing entries. Appellant filed an appeal of the February 13, 2009 amended sentencing entries. In *State v. Miley,* 5th Dist. Nos. 09CA39 and 09CA40, 2009–Ohio–4011, this Court first found the trial court erred in not dismissing counts 58 and 59 charging having weapons under disability because Appellant's speedy trial rights were violated. We affirmed the remainder of the trial court's decision in relation to Appellant's conviction and sentence. On December 2, 2009, the Ohio Supreme declined to accept the case on further appeal.

{¶9}   On March 17, 2010, Appellant filed a complaint requesting the issuance of a writ of mandamus and/or procendendo compelling the trial court to issue a final, appealable order, which complied with *State v. Baker,* supra. *State ex rel. Miley v. Henson,* Richland App. No.2010–CA–0032, 2010–Ohio–4093. In that case, this Court

reviewed the entries issued by the trial court on February 13, 2009, finding although this Court allowed an appeal based upon the entries to proceed to a conclusion in *State v. Miley*, 5th Dist. Nos. 09CA39 and 09CA40, 2009–Ohio–4011, the opinion on the merits was improvidently issued because the order was not a final, appealable order because the order did not contain a finding of guilt. This Court then ordered the trial court to issue an entry which complied with the dictates of *Baker.*[2]

{¶10} On December 28, 2010, the trial court filed a Nunc Pro Tunc sentencing entry in Case No.2005 CR 85H. The Court included amended language "the defendant had been found guilty" by a jury, and also clarified the terms of postrelease control.

{¶11} Appellant again filed an appeal to this Court in *State v. Miley* 5th Dist. No. 2011CA0005, 2011-Ohio-5647. This Court held,

{¶12} "Applying *Lester,* we find appellant's convictions were upheld on direct appeal by this Court in *State v. Miley,* 5th Dist. Nos. 09CA39 and 09CA40, 2009–Ohio– 4011 and the Ohio Supreme Court declined jurisdiction. The convictions were based upon the entries issued by the trial court on February 13, 2009. Upon review, we find the entry in the underlying case fully complied with the requirements of Crim.R. 32(C), and as set forth in the *Lester* syllabus. Appellant's 2009 judgment of conviction was final, and any new challenges to it are barred by the doctrine of res judicata. The nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects and is not a new final order from which a new appeal may be taken to again challenge the underlying conviction.

---

[2] The State suggests this order was limited to the sentencing entry reflecting appellant's plea of no contest to the weapons charges in Case No. 2007 CR 163, nevertheless this Court issued the writ in regards to Case No. 2005 CR 85.

{¶13} "Although Appellant does not challenge on appeal the modified terms of postrelease control, we note that the doctrine of res judicata still applies to all other aspects of the conviction, including the determination of guilt. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238."

{¶14} On April 1, 2013, Appellant filed a motion to vacate sentence and to resentence. Via Judgment Entry of May 2, 2013, the trial court overruled the motion to vacate and resentence. Appellant now appeals, assigning as error:

{¶15} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT APPELLANT'S MOTION TO VACATE SENTENCE AND RESENTENCE IN ACCORDANCE WITH CRIMINAL RULE 32 (B) VIOLATING HIS RIGHTS TO EQUAL PROTECTION UNDER THE LAW AND RIGHT TO DUE PROCESS AS GUARANTEED BY BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS."

{¶16} In the sole assignment of error Appellant maintains the trial court erred in denying his motion to vacate and resentence in accordance with Criminal Rule 32(B). Appellant alleges he was never properly advised of his rights pursuant to Criminal Rule 32(B); therefore, he must be resentenced accordingly.

{¶17} As set froth in the Statement of Procedural History above, Appellant was sentenced on December 22, 2007. On two occasions this Court found the sentencing entries relative to Appellant's sentence did not constitute final appealable orders. On December 28, 2010, the trial court issued an amended entry clarifying the terms of postrelease control and indicating Appellant had been found guilty of the charges and the manner of conviction. This Court found further arguments barred by the doctrine of res judicata. Appellant filed an appeal to this Court. As set forth above, this Court held,

{¶18} "Applying *Lester,* we find appellant's convictions were upheld on direct appeal by this Court in *State v. Miley,* 5th Dist. Nos. 09CA39 and 09CA40, 2009–Ohio– 4011 and the Ohio Supreme Court declined jurisdiction. The convictions were based upon the entries issued by the trial court on February 13, 2009. Upon review, we find the entry in the underlying case fully complied with the requirements of Crim.R. 32(C), and as set forth in the *Lester* syllabus. Appellant's 2009 judgment of conviction was final, and any new challenges to it are barred by the doctrine of res judicata. The nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects and is not a new final order from which a new appeal may be taken to again challenge the underlying conviction.

{¶19} "Although Appellant does not challenge on appeal the modified terms of postrelease control, we note that the doctrine of res judicata still applies to all other aspects of the conviction, including the determination of guilt. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238."

{¶20} As such, we find Appellant's arguments raised in the motion to vacate and resentence an attempt to circumvent his prior invocation of the appellate process. We again find his present arguments barred by the doctrine of res judicata.

{¶21} This case is factually distinguishable from *State v. Hunter*, 2010-Ohio-657, cited by Appellant, as Appellant was represented by counsel at the time of sentencing herein, has failed to fully demonstrate the trial court did not comply with Criminal Rule 32 at the time he was sentenced, and Appellant has previously directly appealed his sentence to this Court.

{¶22} Accordingly, the May 2, 2013 Judgment Entry denying Appellant's motion to vacate and resentence is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                :
                                             :
    Plaintiff-Appellee                    :
                                             :
-vs-                                         :              JUDGMENT ENTRY
                                             :
MILTON C. MILEY                              :
                                             :
    Defendant-Appellant                   :              Case No. 13CA47


    For the reasons stated in our accompanying Opinion, the May 2, 2013 Judgment

Entry of the Richland County Court of Common Pleas is affirmed.  Costs to Appellant.



_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN