[Cite as *State v. Simes*, 2012-Ohio-3592.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

     Plaintiff-Appellee                      :           C.A. CASE NO.     24645

v.                                              :           T.C. NO.     11TRD2761

JOHN SIMES                                      :           (Criminal appeal from
                                               Municipal Court)

     Defendant-Appellant                     :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    10th    day of    August   , 2012.

. . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JOHN SIMES, P. O. Box 3153, Dayton, Ohio 45401
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se Notice of Appeal of John W.

Simes.   On February 16, 2011, Simes was cited for speeding, in violation of R.C. 4511.21.

His citation alleges that he was "paced using Genesis II Radar for 3 blocks," and that his rate

of speed was 40 miles an hour in a 30 mile an hour zone.   Simes was summoned to appear

in court on February 28, 2011.

{¶ 2}        Next began the torturous procedural history of this minor

misdemeanor traffic citation.   The record contains a Motion filed by Simes, that is not

time-stamped, which provides, "I request a continuance of the hearing in this case for the

following reason to wit: (See Attached)."    Attached is correspondence from Simes,

time-stamped February 23, 2011, which   provides in part: "I, John Simes am pleading not

guilty to the traffic violation on February 16, 2011 * * * .   Please set this matter for trial. * *

* ."    The handwritten notation, "personal appearance required," appears on Simes' Motion,

and there is a check mark on a line that provides, "Overruled."   The Motion indicates a new

hearing date of March 10, 2011, and the initials "C.M."   appear on a line that provides,

"Approved."

{¶ 3}    The docket summary indicates that Simes entered a plea of not guilty on

March 7, 2011.   Also on that date, Simes consented to the referral of the matter to a

magistrate and waived his right to have the matter tried by a judge, and the court issued an

Order setting the matter for trial before the magistrate on March 16, 2011.

{¶ 4}        On March 9, 2011, Simes filed a pro se "Motion and Demand That

This Case Be Heard By A Judge."   On March 11, 2011, Simes filed a "Motion to Amend

The Filing on March 9, 2011," which provides in part: "Court failed to send documentation

of the overruling from defendant[']s filing of Not Guilty Plea that was filed on February 23,

2011. In light of all the procedures defendant feels that a hearing by a judge is necessary."

**{¶ 5}** On the reverse side of Simes' citation, the following notation appears: "3-16-11 acting Judge paperwork on file in court's administrative office due to Judge unavailability[.] Def's motion to have trial by Judge granted - proceed to trial[.] Trial - found guilty fine $125.00 fine and costs. CM[.]" The file contains a Fines and Costs Payment Agreement, dated March 16, 2011, indicating that Simes was ordered to pay fines and costs in the amount of $236.00. The agreement is not signed by Simes or time-stamped. The court's docket indicates that a fine in the amount of $125.00 and court costs in the amount of $111.00 were imposed.

**{¶ 6}** On March 29, 2011, Simes filed a "Motion Memorandum and Opposition Dismisal (sic)," in which he again asserted that "a hearing by a judge is necessary," and further asserted as follows:

We object to Magistrate Colette E. Moorman overruling the defendants (sic) request for a trial that was filed on February 23, 2011 due to the fact that no documentation was ever sent to defendant stating such. On March 16, 2011 in Court Room 4A where Magistrate Colette E. Moorman was presiding and they called the case and defendant John Simes stated, 'Are you a Judge'? (sic) Magistrate Colette E. Moorman stated, 'I am a judge for today and that her paperwork was on file in Court Administration Office Due to Judge Unavailability.' In reality Magistrate Colette E. Moorman did not get sworn in as a Judge until March 23, 2011 at 10:28 a.m. A copy of the sworn affidavit is attached hereto as Exhibit E. Magistrate Colette E.

Moorman violated Code of Professional Responsibility EC 7-26 as well as Cannon 1,2,3, and 4.

{¶ 7}    Under the heading "Closing Arguments," Simes concluded as follows:

We argue the fact that there was a Conflict of Interest from the very beginning of this Case and that when Magistrate Colette E. Moorman overruled defendants (sic) filing from February 23, 2011 there was no documentation sent out stating her decision. We also argue the fact that the Magistrate misrepresented herself when defendant asked her was she a Judge and she stated that she was a judge for today and that her paperwork was on file in Court Administration Office due to Judge Unavailability. In hearing the Magistrate case, Colette E. Moorman broke Canon Law 1, 2, 3, and 4 as well as Code of Professional Responsibility EC 7-26. We feel that this case should be Dismissed and Esponged (sic) from the record immediately.

{¶ 8}    Attached to Simes' filing is a copy of a document that provides in part "* * * I find it necessary to appoint a substitute during the absence of Judge Christopher Roberts and do herewith appoint Colette E. Moorman Acting Judge of the Dayton Municipal Court for March 16, 2011." It is signed by the Presiding/ Administrative Judge Carl Henderson and Magistrate Moorman. At the bottom of the page, it provides: "In testimony whereof, I have hereunto set my hand and affixed my seal this 23rd day of March 2011." Beneath the signature block of Mark E. Owens, Clerk, Dayton Municipal Court, appears the signature of Shawn Day. Although it is time-stamped March 23, 2011, it does not appear on the court's docket summary.

{¶ 9}    On April 1, 2011, the court issued an Entry denying Simes' motion to dismiss which provides in part that the "Court finds Defendant's argument to be without merit and denies same.  Magistrate Moorman was duly appointed to sit as Judge in my absence on March 16, 2011."   The entry is signed by Judge Christopher Roberts.

{¶ 10}    On April 14, 2011, Simes filed "Defendant Request the Transcripts Under App.R. 9(B) Poverty Affidavit," in which he requested a transcript of the proceedings that occurred on March 16, 2011.

{¶ 11}    On April 18, 2011, the court issued an entry denying Simes' request for a transcript, noting that the charge Simes faced carried no possibility of incarceration and that Simes accordingly was not entitled to a transcript at no cost.

{¶ 12} On April 20, 2011, the court issued an "Order Vacating Conviction, Recusing Judge Roberts, and Requesting the Appointment of a Visiting Judge," which provides as follows:

> This matter came before the Administrative Judge upon Defendant's Motion Memorandum and Opposition Dismissal, where Defendant essentially states that Acting Judge Moorman should have been recused from his case due to a conflict of interest.
>
> While there was no conflict or impropriety on the part of any Judge, the Court wants the defendant to feel confident that he received a fair and impartial trial.
>
> Therefore, at the Defendant's request, the Administrative Judge Orders that Defendant's Conviction by Acting Judge Moorman be Vacated;

that the Assigned Judge, Judge Roberts, be recused from any further case proceedings; and that a Visiting Judge be appointed to hear Defendant's Case.

The Administrative Judge hereby Orders that a Request be sent to the Ohio Supreme Court to appoint a Visiting Judge for Defendant's Case. Notice of the place, date, and time of Trial shall be sent to the parties.

The Order is signed by Carl S. Henderson, Administrative and Presiding Judge.

{¶ 13} On April 27, 2011, Simes filed a "Motion and Demand That This Case be Sent To Court Of Appeals." Under the heading "Memorandum," Simes asserted as follows:

On March 16, 2011, in court Officer Gould stated that he used a Genesis II Radar in which an accurate speed can only be detected when a vehicle is coming toward you. The speed of a car in front of you can only be speculated as to how fast it's going in which officers were behind me. Also on March 16, 2011, Magistrate Colette E. Moorman stated, 'I am a judge for today and that her paperwork was on file in Court Administration Office Due to Judge Unavailability.' In reality Magistrate Colette E. Moorman did not get sworn in as a judge until March 23, 2011 at 10:28 a.m. A copy of that sworn affidavit is attached hereto as Exhibit E. On April 20, 2011 at 10:19 a.m. Judge Carl S. Henderson filed an Order to Vacate Conviction, Recusing Judge Roberts, and Requested the Appointment of a Visiting Judge. * * *

{¶ 14} Under the heading, "Opposition," Simes asserted as follows:

Officer's (sic) Gould entire testimony was speculation. Speculation is defined as the act or practices of theorizing about matters over which there

is no certain knowledge. Magistrate Colette E. Moorman violated Code of Professional Responsibility EC 7-26 as well as Cannon 1, 2, 3, and 4. Judge Carl S. Henderson error when he did not Vacate the Conviction which is still showing on the BMV Report as of April 22, 2011. * * * Therefore the defendant Motion and Demand that this case be sent to Court of Appeals.

{¶ 15} Simes' Notice of Appeal provides that he is appealing from the April 1, 2011 decision overruling his motion to dismiss. The Notice of Appeal further provides in part that the "document filed on April 1, 2011 was alleged to be signed by Judge Roberts whom was out of the office until April 4, 2011. The document was not made Public Record until April 5, 2011 at 11:49 a.m." We note that the Notice of Appeal is time-stamped April 14, 2011, and that stamp is crossed out, and another stamp appears bearing the date of May 16, 2011. The notice of appeal is entered on the docket summary on May 16, 2011. The record also contains a "Civil Docket Statement" which bears a crossed-out time-stamp of April 14, 2011, and which is also time-stamped May 16, 2011. It is listed as a "Criminal Docket" on the docket summary. It indicates that a statement of the record pursuant to App.R. 9(C), an agreed statement of the record pursuant to App.R. 9(D), and a full transcript are to be filed. On May 16, 2011, the municipal court issued an "Entry Waiving Filing Fee and Ordering Case Sent to the Court of Appeals."

{¶ 16} On June 27, 2011, this Court issued an order noting that Simes' May 16, 2011 notice of appeal was filed more than 30 days after the entry dated April 1, 2011, and ordering Simes to show cause why the matter should not be dismissed for failure to timely file a notice of appeal and for lack of jurisdiction. On July 11, 2011, Simes filed a

"Memorandum and Opposition of Show Cause Order." On July 12, 2011, Simes filed a "Motion to Amend to Strike and Disregard the Entire Filing on July 11, 2011 and to Amend Motion Memorandum of Show Cause Order."

{¶ 17} On September 21, 2011, this Court issued a Decision and Entry noting the procedural history herein and concluding as follows:

> Upon consideration, this Court shall accept Simes' notice of appeal as arising from the April 20, 2011 order vacating his conviction and sentence. A review of the docket shows that each court order up to the April 20, 2011 order vacating Simes' conviction and sentence was interlocutory, where the March 16, 2011 judgment entry of conviction was not a final appealable order pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330 at ¶ 18. * * * It is well-established, however, that an order that vacates or sets aside a judgment is a final appealable order. R.C. 2505.02(B)(3). Furthermore, because of the unusual circumstances in the underlying proceedings, this Court shall accept jurisdiction over Simes' April 27, 2011 "Motion and Demand That This Case be Sent to Court of Appeals" and the trial court's May 16, 2011 order that the case be sent to the court of appeals.

This Court ordered Simes to file the transcript of proceedings within 20 days.

{¶ 18} On October 12, 2011, Simes filed a "Motion and Demand Conflict of Interest and Memorandum," in which he requested that "Amy Stewart in Court Room 4A be Recused from preparing the Transcripts Due to Conflict of Interest." On November 22, 2011, this Court overruled Simes' motion, noting that the trial court is responsible for

determining who prepares the transcript, and ordering Simes to cause completion of the record within 30 days.

{¶ 19} On December 21, 2011, Simes filed a "Motion New Venue Memorandum and Opposition and Demand Dismissal and BMV Record Sponged" (sic), attached to which is Simes' affidavit. This Court overruled the motion after construing it as a motion for reconsideration of the November 22, 2011 judgment entry overruling his request to recuse Amy Stewart, noting that Simes failed to direct this Court's attention to an obvious error or raise an issue not previously considered.

{¶ 20} On January 30, 2012, Simes filed a "Motion Change of Venue Mistrial and Memorandum," which this Court overruled. On February 17, 2012, this Court ordered Simes to show cause why this matter should not be dismissed for failure to prepare and file the record.

{¶ 21} On March 2, 2012, Simes filed a "Motion to Amend Civil Docket Statement," which provides in part, "Appellant feels that the court error by Time Stamping the Civil Docket Statement on April 14, 2011 and re Time Stamping it 32 days later on May 16, 2011 which clearly shows a Conflict of Interest. Therefore Appellant demands that the request for the transcripts be stricken and that the Brief be on the Summary Docket only." On March 6, 2012, Simes filed a "Motion to Amend the Filing From March 2, 2012," in which he demanded that the Show Cause Order of February 17, 2012 be stricken. On April 13, 2012, this Court granted Simes' request and deemed the record complete.

{¶ 22} On May 9, 2012, Simes filed a "Notice of Service." On June 11, 2012, Simes filed a "Motion and Demand Strike and Disregard Both Courts on Notice," in which

he requested that Appellee's brief be stricken due to untimely filing. This Court overruled the motion on June 18, 2012. On June 28, 2012, Simes filed a "Motion to Overturn Decision of Allowing Appellee's Brief and Demand." Simes' June 28, 2012 motion was overruled by this court on July 5, 2012. Simes then filed a motion on July 9, 2012, asking to amend his June 28, 2012 motion. We overruled Simes' July 9, 2012 motion on July 18, 2012.

{¶ 23} Simes' brief sets forth four assignments of error as follows:

WE FILED A MOTION THAT THIS CASE BE HEARD BY A JUDGE ON MARCH 9, 2011. ON MARCH 16, 2011 WE WENT TO COURT ROOM 4A WHERE MAGISTRATE COLETTE E. MOORMAN WAS PRESIDING. WE ASKED WAS SHE A JUDGE AND SHE STATED FOR THE DAY AND HER PAPERWORK WAS ON FILE IN THE ADMINISTRATIVE OFFICE WHICH WAS NOTORIZED [SIC] UNTIL SEVEN DAYS LATER AFTER THE HEARING ON MARCH 23, 2011.

And,

ON APRIL 20, 2011 THE ADMINISTRATIVE JUDGE CARL S. HENDERSON FILED AN ORDER VACATING CONVICTION, RECUSSING JUDGE ROBERTS, AND REQUESTING THE APPOINTMENT OF A VISITING JUDGE. HOWEVER, 2 DAYS LATER THE CHARGES WERE STILL ON THE BMV REPORT.

And,

ON APRIL 14, 2011 A CIVIL DOCKET WAS FILED IN MUNICIPAL COURT. ON MAY 16, 2011, WHICH WAS 32 DAYS LATER, THAT SAME DOCKET WAS RE-STAMPED IN MUNICIPAL COURT WITH THE APRIL 14, 2011 DATE CROSSED OUT AND FILED IN THE COURT OF APPEALS. THE NOTICE OF APPEAL WAS DONE THE EXACT SAME WAY.

And,

ON THERE [SIC] SUMMARY STATEMENT THERE IS NO RECORD OF THE NOTICE OF APPEAL BEING FILED ON APRIL 14, 2011 IN WHICH THE COURT ERRORED. THERE [SIC] SUMMARY STATEMENT ALSO STATES THAT IN THE STATE OF OHIO, MONTGOMERY COUNTY, CITY OF DAYTON: I, MARK E. OWENS, CLERK OF THE DAYTON MUNICIPAL COURT OF DAYTON, OH, DO HEREBY CERTIFY THAT THE FOREGOING IS A COMPLETE TRANSCRIPT OF THE PROCEEDINGS, RECORD, DOCKET, AND JOURNAL ENTRIES IN SAID COURT IN THE ABOVE TITLED CASE. WITNESS MY SIGNATURE AND THE SEAL OF SAID DAYTON MUNICIPAL COURT THIS 16 DAY OF MAY, 2011.

**{¶ 24}** Under the heading "Statement of the Case," Simes' brief states as follows:

On March 9, 2011, we filed a motion and demand that this case be heard by a judge and not a magistrate which caused a conflict of interest with the magistrate. On April 20, 2011 Administrative Judge Carl S. Henderson

filed an order vacating conviction, recusing Judge Roberts as well as Magistrate Collette E. Moorman, and requesting the appointment of a visiting judge. It is my opinion that the Administrative Judge Carl S. Henderson seen an error in Judge Roberts['s] and Magistrate Collette E. Moorman's handling of the case. Therefore as a result of the court's error's we demand that this case be ruled as a mistrial and tort.

{¶ 25} The State notes that while the "official record * * *does not contain any entry appointing Magistrate Moorman as acting judge," Simes included a copy "of this entry as an exhibit to at least two of his motions." The State further "agrees that the filing by Judge Henderson that appointed Colettte Moorman as acting judge for Judge Roberts' court on March 16, 2011 was notarized and filed with the Dayton Municipal Clerk of Court on March 23, 2011. There is no entry by the trial court adopting Magistrate Moorman's decision." According to the State, since Moorman acted as a magistrate at Simes' trial, "there is no final appealable order finding the Appellant guilty and this Court is without jurisdiction to review this matter. * * * This court should therefore remand this case back to the trial court." However, on this unusual record, this argument is unpersuasive.

{¶ 26} Simes appears to argue in his brief that the trial court properly vacated his conviction and ordered a new trial based upon the irregularity of the proceedings below, namely that Magistrate Moorman appears to have not been properly appointed as acting judge for Judge Roberts, as well as the clerk of court's discrepant time-stamps and incomplete docket summary. As this Court previously noted, there were "unusual circumstances in the underlying proceedings," and Crim.R. 33 (A)(1) provides that a new

trial may be granted based upon "irregularity in the proceedings, or in any order or ruling of the court, * * *" that materially affects a defendant's substantial rights. The granting of a motion for a new trial is within the sound discretion of the trial court. *State v. Wilson*, 2d Dist. Montgomery No. 17515, 1999 WL 173551, * 2. Having thoroughly reviewed the record before us, we conclude that the unusual circumstances below warrant a new trial and that the trial court did not abuse its discretion in vacating Simes' conviction and granting him a new trial with a visiting judge. The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FROELICH, J., concur.

Copies mailed to:

Troy B. Daniels
John Simes
Christopher D. Roberts